IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CALVIN DeRONN GARDNER | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-1111-G |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Calvin DeRonn Gardner, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

A jury convicted petitioner of murder and sentenced him to 99 years confinement. His conviction and sentence were affirmed on direct appeal. *Gardner v. State*, No. 05-03-01073-CR, 2004 WL 789637 (Tex. App.--Dallas, Apr. 14, 2004, pet. ref'd). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Gardner*, No. 63,343-01 (Tex. Crim. App. Feb. 22, 2006). Petitioner then filed this action in federal district court.

II.

Petitioner raises four broad issues in eight grounds for relief. Succinctly stated, petitioner contends that: (1) he was denied due process on state collateral review; (2) he was not given a free

copy of the state court record; (3) the trial court improperly admitted two oral statements and the results of a polygraph test into evidence; and (4) he received ineffective assistance of counsel.

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, 120 S.Ct. at 1523; *see also Pondexter v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2160 (2004). Stated differently, "a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003), *quoting Lockyer v. Andrade*, 538 U.S. 63, 76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).

With respect to mixed questions of fact and law, a federal habeas court must give deference to state court findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 121 S.Ct. 508 (2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

B.

In his first ground for relief, petitioner complains that neither the trial court nor the Texas Court of Criminal Appeals made findings of fact and conclusions of law in ruling on his state writ of habeas corpus.[1] The Fifth Circuit has repeatedly held that defects in a state habeas proceeding are not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.), *cert. denied*, 122 S.Ct. 477 (2001) (citing cases). "That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Id.* at 320, *citing Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 2559 (1996). Consequently, this ground for relief should be overruled.

C.

Petitioner further argues that he was denied a free copy of his trial records prior to filing an application for state post-conviction relief. Under both federal and Texas law, an indigent defendant is generally entitled to a free transcript in order to appeal a criminal conviction. *See United States v. MacCollom,* 426 U.S. 317, 324, 96 S.Ct. 2086, 2090-91, 48 L.Ed.2d 666 (1976); *Ramadan v.*

---

[1] In his federal writ, petitioner also criticizes the court of appeals for failing to make findings of fact and conclusions of law. (*See* Hab. Pet. at 7). A state appeals court does not make findings of fact and conclusions of law. Rather, the Texas rules require an appellate court to "hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to the final disposition of the appeal." TEX. R. APP. P. 47.1. In the instant case, the court of appeals issued a six-page opinion detailing its reasons for affirming petitioner's conviction.

*State*, 89 S.W.3d 744, 746 (Tex. App.--Houston [1st Dist.] 2002, no pet.), *citing* TEX. R. APP. P. 20.2. However, that right does not extend to applications for collateral review. *See Deem v. Devasto*, 140 Fed.Appx. 574, 575, 2005 WL 1953912 at *1 (5th Cir. Aug. 16, 2005), *citing Smith v. Beto*, 472 F.2d 164, 165 (5th Cir. 1973). The record shows that petitioner, through his attorney, had access to all necessary trial materials in connection with his direct appeal. Because there is no constitutional right to a free transcript in post-conviction proceedings, this ground for relief should be overruled.

D.

Next, petitioner contends that the trial court improperly admitted two oral statements into evidence. Prior to trial, defense counsel filed an omnibus motion seeking, *inter alia*, a hearing outside the presence of the jury to determine the admissibility of any oral or written statements allegedly made by petitioner. (St. App. Tr. at 10). Two such statements are at issue here. In one statement, petitioner admitted to Terrell Police Officer Richard Peavy that he shot the decedent, Ronnie Green, in the head. (SF-VIII at 18). Petitioner made the second statement while being transported from the Mesquite Police Department to the Kaufman County Jail. On the way, petitioner asked Investigator Rodney Evans if he had any bullets for his gun. Petitioner continued by saying, "If you do, shoot me . . . I can't go on . . . I'll never see my girl." (SF-VII at 21). At trial, counsel argued that neither statement met the requirements of Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a).[2] That objection was overruled by the trial court. (SF-II at 47). On direct appeal, petitioner argued for the first time that the admission of his oral statements into evidence also violated his

---

[2] Article 38.22 prohibits the admission of an oral statement made by a defendant as a result of custodial interrogation unless: (1) a visual recording was made of the defendant giving the statement; (2) the defendant was advised of his *Miranda* rights and voluntarily waived such rights; (3) the recording device was capable of making an accurate recording, the operator was competent, and the recording is accurate and has not been altered; and (4) all voices on the recording are identified. TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(a) (Vernon 2005); *see also Brown v. State*, 92 S.W.3d 655, 660 (Tex. App.--Dallas 2002), *aff'd*, 122 S.W.3d 794 (Tex. Crim. App. 2003), *cert. denied*, 124 S.Ct. 1678 (2004).

rights under the Fifth and Fourteenth Amendments to the United States Constitution. The court of appeals refused to consider this constitutional argument, holding that petitioner waived any error by failing to object on this ground at trial. *Gardner*, 2004 WL 789637 at *3. Petitioner now reurges his constitutional claim on federal habeas review.

A federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default. *Sawyer v. Whitley*, 505 U.S. 333, 338, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). Only procedural rules that are firmly established and regularly followed by state courts can prevent habeas review of federal constitutional rights. *Hathorn v. Lovorn*, 457 U.S. 255, 262-63, 102 S.Ct. 2421, 2426, 72 L.Ed.2d 824 (1982). Under Texas law, a party must make a timely and proper objection to preserve a claim for appellate review. *See Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App.), *cert. denied*, 112 S.Ct. 202 (1991). The objection must state "the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context[.]" TEX. R. APP. P. 33.1(a)(1)(A). This "contemporaneous objection" rule constitutes an adequate state procedural bar for purposes of federal habeas review. *See Styron v. Johnson*, 262 F.3d 438, 453-54 (5th Cir. 2001), *cert. denied*, 122 S.Ct. 1175 (2002).

On direct appeal, the state appellate court expressly held that petitioner waived his federal constitutional claim by failing to object on that ground at trial. Petitioner is therefore barred from litigating this claim in federal court. *See Styron*, 262 F.3d at 453-54.[3]

---

[3] To the extent petitioner argues that the admission of his oral statements into evidence violates Tex. Code Crim. Proc. Ann. art. 38.22, such a claim is not cognizable in a federal habeas proceeding. *See Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986), *quoting Nelson v. Estelle*, 642 F.2d 903, 905-06 (5th Cir. 1981) ("[H]abeas corpus is available only for the vindication of rights existing under federal law; not rights existing solely under rules of state procedure.").

E.

Petitioner also challenges the admission of the results of a polygraph test. At a suppression hearing held outside the presence of the jury, Officer Peavy testified that petitioner confessed to the murder after being told that the polygraph examiner detected some deception. (SF-II at 16, 21). However, at trial, the polygraph was mentioned only in passing. When asked by the prosecutor if anyone had spoken to petitioner before he admitted killing the decedent, Officer Peavy responded, the "polygraph examiner." (SF-VII at 16). Defense counsel timely objected to any evidence of the polygraph test. During a bench conference, the prosecutor assured the judge and defense counsel that he had no prior knowledge of the witness's answer and had "no intentions or desire of introducing anything about a polygraph during this case." (*Id.* at 17). The trial court sustained defense counsel's objection and instructed the jury to disregard any reference to "polygraph." (*Id.* at 19). The polygraph examination was not mentioned further and the actual test results were never revealed to the jury. In light of this evidence, there simply is no basis to conclude that petitioner was denied a fair trial because of the admission of the results of his polygraph examination.

F.

Finally, petitioner contends that he received ineffective assistance of counsel because his attorney: (1) failed to challenge the admission of his oral statements at trial and on appeal; (2) did not object to the results of the polygraph test; and (3) failed to call an unidentified alibi witness.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. The Fifth Circuit has described that standard as "requiring that counsel research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." *United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005), *quoting United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003). Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Strickland*, 104 S.Ct. at 2067. Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068; *see also Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (habeas petitioner must show that trial result was unreliable or proceeding fundamentally unfair due to deficient performance of counsel).

2.

In related arguments, petitioner alleges that both his trial attorney and appellate lawyer were ineffective for failing to challenge the two oral statements that were admitted into evidence. While petitioner acknowledges that counsel objected to the admission of both statements, he criticizes his lawyers for failing to argue that he did not make the statements in the first place. These claims border on frivolous. Whether or not petitioner actually admitted to killing the deceased or lamented that he would "never see my girl" were matters solely for the jury to determine. Although petitioner denies making those statements, the fact remains that two witnesses, Officer Peavy and Investigator Evans, testified otherwise. Petitioner has failed to point to any evidence that would have enabled counsel to challenge that testimony at trial or on appeal.[4]

---

[4] Petitioner also argues that his attorney should have asked for a suppression hearing outside the presence of the jury to determine whether those statements were, in fact, made. "The function of a suppression hearing is to determine the voluntariness, and hence the admissibility for Fifth Amendment purposes, of a confession." *See Lee v.*

Nor was counsel ineffective for not objecting to the results of the polygraph test and failing to call an alibi witness. Because the results of the polygraph were never offered or admitted into evidence, there was nothing for counsel to object to. Petitioner also fails to identify the missing alibi witness or specify what his or her testimony would have been. Without such an offer of proof, the court cannot begin to analyze a claim of ineffective assistance of counsel. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 4, 2007.

[signature]
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

*Illinois*, 476 U.S. 530, 546 n.6, 106 S.Ct. 2056, 2065 n.6, 90 L.Ed.2d 514 (1986). Whether petitioner actually made the statements at issue would have been outside the scope of a suppression hearing.